**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Alan Rheudasil, | No. CV-07-1634-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Air Line Pilots Association International; William A. Wilson, | |
| Defendants. | |

The court has before it defendants' motion to dismiss the amended complaint (doc. 27) and supporting memorandum (doc. 28), plaintiff's response (doc. 31), and defendants' reply (doc. 34).

**I**

This is a labor dispute. Plaintiff is a commercial airline pilot for America West and its successor, US Airways ("the Airline"). Defendant Air Line Pilots Association International ("ALPA" or "the union") is a labor organization under the Railway Labor Act, 45 U.S.C. §§ 151–81, that represents pilots pursuant to a collective bargaining agreement ("CBA") with the Airline. Defendant William A. Wilson served at all material times as Vice Chairman of ALPA's Master Executive Council ("MEC") Training Committee.

Briefly, the amended complaint alleges the following facts, which were also alleged in the original complaint. In December 2003, plaintiff was promoted to a position that required training on a different aircraft. After about two years without receiving the training, plaintiff attempted to return to his former position as an Airbus Captain, but was met with union resistance. After asserting an unsuccessful grievance through CBA procedures, plaintiff requested a return to his former position under the CBA's hardship provision, which provides, "the [Airline's] Vice President of Flight Operations and the ALPA MEC Chairman will consider each request for a change of Position due to hardship on a case-by-case basis, giving due consideration to the particular circumstances involved." Amend. Complaint ¶ 43.

On or about November 29, 2006, defendant Wilson published a post on the ALPA WebBoard accusing plaintiff of "abusing the contractual hardship provision and seeking special treatment" because his hardship request was "based on improper financial considerations." Id. ¶ 51. On December 1, 2006, plaintiff learned that his hardship request was denied because of union opposition. Plaintiff then grieved the hardship denial and lost at the first two steps of the process. On April 7, 2007, the union told plaintiff that it would not appeal his claim to the System Board (the arbitration level), but that he could do so on his own, which he did. Shortly before the arbitration hearing, scheduled for June 28, 2007, plaintiff learned that the union would actively oppose his position, which led him to withdraw the grievance as futile. Later, he was told that the Airline was in favor of granting the hardship request and only the union had stood in the way.

In our order of February 28, 2008 (doc. 25), we dismissed plaintiff's original complaint with leave to amend. The original complaint named ten defendants and alleged seven counts. The amended complaint names two defendants and pleads two counts. Count one of the amended complaint alleges that ALPA violated the duty of fair representation ("DFR") under the Railway Labor Act. Count two is a defamation claim against Wilson and ALPA. We dismissed similar claims in the original complaint, concluding that plaintiff's original DFR claim was barred by the statute of limitations and that the original defamation claim was not pled with sufficient detail.

Defendants present three contentions to support the dismissal of the amended DFR claim: (1) It is barred by the statute of limitations; (2) It is meritless on its face; or, alternatively, (3) It is barred for failure to exhaust administrative remedies. Defendants contend that the amended defamation claim should be dismissed because it is preempted by federal law or, alternatively, for lack of subject matter jurisdiction. Defendants also contend that, if the defamation claim survives against ALPA, it should be dismissed against Wilson because he cannot be individually liable for acts performed in the scope of his duties as a union representative.

**II**

The parties agree that the statute of limitations for DFR claims under the Railway Labor Act is six months. A claim accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." N.L.R.B. v. Don Burgess Const. Corp., 596 F.2d 378, 382 (9th Cir. 1979). The amended complaint relates back to the date of the original complaint, August 24, 2007, because the amendment asserts claims that arise out of the same events set forth in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Therefore, DFR claims based on acts that should have been discovered prior to February 24, 2007, are untimely.

In response to defendants' motion to dismiss the original complaint, plaintiff contended that his DFR claim accrued in either April or June 2007, in connection with the attempt at arbitration. We did not reject the possibility of such a claim, but found that it had not been pled. See Levine v. Zadro Prods., Inc., No. 02-Civ-2838, 2003 WL 21344550, at *3 (S.D.N.Y. June 9, 2003) (noting that a plaintiff may not assert unpled claims in response to a motion to dismiss). We explained that the plain language of the original complaint based the DFR claim on earlier conduct only:

> In count one, plaintiff alleges that defendants breached the DFR by "denying Plaintiff his requested change of position due to hardship." Complaint ¶ 76. According to the "General Allegations," plaintiff learned that MEC had "denied the change of position" on December 1, 2006. Id. at ¶ 63. Therefore, the claim accrued on that date.

1  Doc. 25 at 5. Thus, we concluded that the original claim was time-barred. In the amended
2  complaint, plaintiff specifically alleges that ALPA violated the DFR by "failing and
3  refusing to appeal the April 7[,] 2007 denial his grievance to the System Board, and by
4  failing and refusing to support Plaintiff at the June 2007 arbitration hearing (and indeed
5  promising to actively oppose his position)." Amend. Complaint ¶ 71.

6      Galindo v. Stoody Co., 793 F.2d 1502 (9th Cir. 1986), supports the proposition that
7  an extended controversy comprised of multiple union decisions can give rise to distinct
8  DFR claims. In Galindo, the plaintiff contended that the union violated the DFR by failing
9  to notify his employer of his steward status and by mishandling the arbitration process
10 after he was laid-off as a result. Id. at 1507. The court analyzed the two allegations as
11 separate DFR claims for purposes of the statute of limitations. Id. at 1509.

12     Similarly, we conclude that plaintiff's original DFR claim based on the denial
13 of his hardship request is distinct from his amended DFR claim based on the union's
14 alleged failure to appeal the denial of his grievance and its decision to oppose him at the
15 scheduled arbitration. Contrary to defendants' contentions, plaintiff's amended DFR claim
16 is not based on the union's initial refusal to grieve the hardship denial, but on union conduct
17 months after he instituted the process on his own. Because the amended claim is based on
18 conduct that occurred less than six months prior to suit, we conclude that the amended DFR
19 claim is timely on its face. Tolling is not relevant.

20     Next, defendants contend that plaintiff has not stated a valid DFR claim. Under the
21 DFR, "a union has a statutory duty fairly to represent [members of a collective bargaining
22 unit] in the negotiation and enforcement of a [CBA]." Marquez v. Screen Actors Guild, Inc.,
23 124 F.3d 1034, 1037 (9th Cir. 1997) (internal quotation omitted). Defendants contend that
24 plaintiff's claim fails because ALPA's failure to appeal the denial of plaintiff's grievance
25 and its decision to oppose him at the scheduled arbitration do not involve negotiation or
26 enforcement of the CBA. Memorandum at 13.

27     But the amended DFR claim does "involve" enforcement of the CBA. Plaintiff
28 alleges that ALPA's hostile and discriminatory conduct prejudiced his hardship request under

- 4 -

the CBA. See Burkevich v. Air Line Pilots Ass'n, 894 F.2d 346, 349 (9th Cir. 1990) (requiring arbitrary, discriminatory, or bad faith conduct for DFR claim). A DFR claim is not dependent upon the breach of a specific CBA provision. Retana v. Apartment, Hotel & Elevator Operators Union, 453 F.2d 1018, 1023 (9th Cir. 1972). Defendants' reliance on United Steelworkers of America v. Rawson, 495 U.S. 362, 110 S. Ct. 1904 (1990), is inapposite. In that case, the Court specifically stated that the DFR is "a matter of status rather than contract." Id. at 373, 110 S. Ct. at 1911. Only if an employee claims a "a more far-reaching duty" than the DFR must he "point to language in the [CBA] specifically indicating an intent to create obligations enforceable against the union by the individual employees." Id. at 374, 110 S. Ct. at 1912. Here, plaintiff does not claim any duty other than the DFR's general "check on the arbitrary exercise of union power." Id.

Defendants also contend that the DFR "does not require a union to process those grievances that it believes are frivolous or contrary to the best interests of the employees that it represents." Memorandum at 14. But that argument goes to the merits of plaintiff's claim. A motion to dismiss only tests the sufficiency of the pleading. Of course, our ruling on this motion does not prejudice the right of defendants to move for summary judgment once the facts are fully developed.[1]

Finally, defendants contend that the DFR claim is barred for failure to exhaust administrative remedies. That contention is rejected for reasons explained in our previous order. We concluded that plaintiff was not required to exhaust administrative remedies before bringing his DFR claim, because the CBA does not provide for employee grievances against the union; therefore, he had no remedies to exhaust. Doc. 25 at 6 (citing CBA

---

[1] We note that despite defendants' contentions, Motion at 12 n.3, the motion to dismiss the original complaint was obviously not converted into a motion for summary judgment. In ruling on that motion, we did not consider any documents outside the pleadings other than the CBA itself, on which the complaint necessarily relied. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

- 5 -

1  § 20.A.1; <u>Hester v. Int'l Union of Operating Eng'rs</u>, 941 F.2d 1574, 1580 (11th Cir. 1991)).
2  For all of these reasons, we decline to dismiss count one, the amended DFR claim.

### III

Because we have not dismissed plaintiff's federal DFR claim, we have supplemental subject matter jurisdiction over count two, plaintiff's state law defamation claim. 28 U.S.C. § 1367(a). Defendants contend that the claim is preempted by federal law. Alternatively, defendants contend that the claim at least should be dismissed against defendant Wilson because he cannot be individually liable.

Indeed, "individual damage claims may not be maintained against union officials for acts that are undertaken on behalf of the union." <u>Peterson v. Kennedy</u>, 771 F.2d 1244, 1256 (9th Cir. 1985) (citing <u>Atkinson v. Sinclair Refining Co.</u>, 370 U.S. 238, 82 S. Ct. 1318 (1962)). Individual union members are protected from tort claims brought in conjunction with a DFR claim, even if the individual's conduct was unauthorized by the union. <u>Evangelista v. Inlandboatmen's Union of Pacific</u>, 777 F.2d 1390, 1400 (9th Cir. 1985). Here, Wilson's allegedly defamatory statement was made in his capacity as union representative. Wilson, Vice Chairman of MEC's Training Committee, made the statement on the union WebBoard, and it concerned a union grievance filed by plaintiff. Plaintiff himself alleges that ALPA should be liable for the statement on a theory of respondeat superior. Therefore, the claim against Wilson is dismissed.

Given that Wilson cannot be held individually liable for the claim, we conclude that the defamation claim against ALPA is subsumed in and precluded by the DFR claim. See <u>Peterson</u>, 771 F.2d at 1256–61 (holding that a malpractice claim against a union attorney could not survive except as a breach of duty claim against the union). Plaintiff alleges that Wilson's WebBoard posting was intended "to influence against the grant of Plaintiff's hardship request." <u>Complaint</u> ¶ 50. If the posting is defamatory and is attributed to the union, then it potentially amounts to discriminatory or bad faith conduct toward a member of the collective bargaining unit—precisely what is targeted by the DFR. See <u>Peterson</u>, 771 F.2d at 1253. However, because the posting was made in November 2006, a DFR claim

- 6 -

based on it is barred by the statute of limitations. Plaintiff should not be permitted to resurrect the claim under a state law tort theory. See id. at 1259–60 (noting that employee claims based on the conduct of union representatives should be uniformly handled as DFR claims). Accordingly, the defamation claim against ALPA is dismissed.

## IV

For the foregoing reasons, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss the amended complaint (doc. 27) as follows: The motion to dismiss count one is **DENIED** and the motion to dismiss count two is **GRANTED**.

DATED this 20th day of June, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge